IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Criminal No. 21-81-1 |
| JAMES PATRICK LEWIS, JR. | ) Civil No. 24-1506 |

**MEMORANDUM AND ORDER OF THE COURT**

James Patrick Lewis, Jr. ("Lewis") pleaded guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846, and a lesser included offense of possession with intent to distribute 500 grams or more of cocaine and a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 841(b)(1)(C). (Docket Nos. 207, 226). He was sentenced to 120 months' imprisonment—120 months at each counts of conviction to be served concurrently. (Docket No. 226). Now pending before the Court is Lewis's <u>Motion to Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 By a Person in Federal Custody</u>. (Docket No. 240). In the Motion, Lewis asks the Court to vacate his sentence and to "allow for further negotiations between the prosecutor with a new attorney appointed by the Court." (*Id.*). Lewis supplemented his Motion at Docket No. 242.[1] In the Motion and supplement, Lewis argues his attorney's constitutionally deficient performance justifies his requested relief. (Docket Nos. 240, 242). The United States opposes Lewis's Motion, invoking Lewis's waiver of his right to collaterally challenge his sentence, which

---

[1] After Lewis filed his Motion, the Court entered a Notice and Order notifying Lewis that he could: (1) withdraw the petition and file a new one with "every ground for relief" that might entitle him to relief from his conviction and sentence, provided he did so within the statute of limitations; (2) amend his petition to add any other claims or support materials that he would want the Court to consider; or (3) ask the Court to rule on the petition as filed. (Docket No. 241). Lewis chose the second option.

1

was part of his plea agreement. (Docket No. 245). The Court is prepared to rule on Lewis's Motion at this time.[2]

Under the terms of his plea agreement, Lewis waived the right to file a motion to vacate sentence under 28 U.S.C. § 2255. (Docket No. 235 at 18). This waiver was limited insofar as Lewis did not agree to waive his right to raise a claim of ineffective assistance of counsel (*id.*), which is the purported basis of his pending Motion. In its opposition brief, the United States has invoked Lewis's waiver, so the first question this Court should ask is "whether [the] waiver prevents [the Court] from exercising [its] jurisdiction to review the merits of the [petitioner's] [motion]." *United States v. Castro*, 704 F.3d 125, 135 (3d Cir. 2013) (quoting *United States v. Corso*, 549 F.3d 921, 926 (3d Cir. 2008)). The Court will not reach the merits if: (1) "the issues … fall within the scope of the waiver"; and (2) "the [petitioner] knowingly and voluntarily agreed to the waiver"; unless (3) "enforcing the waiver would work a miscarriage of justice." *Id.* (cleaned up); *United States v. Parker*, 793 F. App'x 64, 66 (3d Cir. 2019) ("[C]ollateral challenge waivers are valid as long as they are knowing, voluntary, and do not work a miscarriage of justice." (citing *United States v. Khattak*, 273 F.3d 557, 563 (3d Cir. 2001))).

In this case, Lewis frames the issues in his Motion as ineffective assistance of counsel claims, which would fall outside the scope of his waiver. However, courts have cautioned that ineffective assistance of counsel is sometimes used as mere window dressing to make reviewable such issues as would otherwise be insulated from collateral challenges. *United States v. McKines-El*, No. 3:CR-99-035, 2005 WL 1215953, at *5 (M.D. Pa. Apr. 26, 2005) ("A section 2255 motion generally may not be used to re-litigate questions that were raised and considered on direct appeal.

---

[2] An evidentiary hearing is not required to resolve the motion. *United States v. Snell*, No. CIV.A. 14-3756, 2015 WL 1208056, at *2 (E.D. Pa. Mar. 17, 2015) (citing 28 U.S.C. § 2255(b) and *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992)).

An individual may not circumvent this general rule by clothing a previously-litigated substantive claim in ineffective assistance of counsel garb.").

In his Motion and Supplement, Lewis argues that his attorney was ineffective because he: failed to more thoroughly investigate the plea agreement and presentence investigation report; failed to investigate and prepare a sentencing memorandum; never offered a defense theory or filed pre-trial motions in his defense in preparation for trial; convinced Lewis to plead guilty by leading him to believe that he would be sentenced to more time if he went to trial and failed to inform him of the harsh penalty he would receive even with a guilty plea; "should have presented a more robust argument as it relates to the leadership role"; and failed to prevent the Court's consideration of fentanyl in his sentencing. (Docket Nos. 240, 242). Lewis also argues that he was shocked by the duration of his sentence. (Docket No. 242). And he indicates that he would not have pleaded guilty if he had been fully informed about his potential sentencing range. (*Id.*). Lewis's arguments in this regard are nebulous and otherwise lack merit. Regarding the more specific of his arguments, all relevant conduct may be considered in sentencing, *Witte v. United States*, 515 U.S. 389, 393 (1995), so it was not ineffective of Lewis's counsel to fail to prevent fentanyl from being considered in sentencing. Regarding the argued failure to refute a leadership role, Lewis was not subject to a leadership enhancement for purposes of sentencing. With respect to Lewis's understanding of the statutory maximum penalties applicable to him, Lewis specifically acknowledged that he understood the applicable range at his change of plea hearing. (Docket No. 235). The sentence imposed was within that range and, while Lewis indicated that he had received a "prediction" of what his sentence *might* be, he confirmed with the Court that he understood that did not "mean that's what [his] sentence will be." (*Id.*).

The Court is thus satisfied that, to the extent any of Lewis's arguments are outside the scope of his waiver, they fail on the merits.[3] Insofar as his arguments are subject to his waiver of appellate and collateral rights, it is clear from Lewis's change of plea hearing transcript that he agreed to the terms of his plea knowingly and voluntarily. At that hearing, Lewis indicated he understood the terms of his plea, including his waiver of appellate and collateral challenge rights, the maximum sentence he faced, and the nature of the offenses to which he pleaded guilty. (Docket No. 235). Accordingly, the Court has no reason to believe the waiver was not knowing and voluntary. *See Morris v. United States*, No. CIV.A.04-1570-GMS, 2008 WL 1740679, at *5 (D. Del. Apr. 16, 2008) (explaining the presumption of veracity of any statements in open court that are made under oath). With respect to the last question the Court asks—whether enforcing the waiver will result in a miscarriage of justice—the Court has no basis for finding that a miscarriage of justice will result from enforcement of the waiver because there are not "unusual circumstances" present. *Castro*, 704 F.3d at 136 (discussing the factors in *Khattak*, 273 F.3d at 562 that are considered in the miscarriage-of-justice exception).

In addition to the foregoing, the Court will not issue a certificate of appealability because Lewis has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2) and reasonable jurists would not disagree on the Court's denial of his Section 2255 motion. Accordingly, the Court will enter the following Order:

---

[3] To succeed on an ineffective assistance of counsel claim, Lewis would have to show: (1) "[his] counsel's performance was deficient, meaning that counsel made errors so serious as to deprive Petitioner of the 'counsel' guaranteed by the Sixth Amendment"; and (2) "that his defense was prejudiced by the deficient performance," meaning "a reasonable probability that but for counsel's errors, the result of the trial would have been different." *United States v. Edwards*, No. CRIM. 96-592, 2000 WL 572704, at *2 (E.D. Pa. May 8, 2000).

**ORDER OF THE COURT**

AND NOW, this 1st day of July 2025, James Patrick Lewis, Jr.'s <u>Motion to Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Sec. 2255 by a Person in Federal Custody</u> is DENIED and no certificate of appealability shall issue.

<u>/s/ W. Scott Hardy</u>
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record

      James Patrick Lewis, Jr. (**via U.S. Mail**)
      28718-509
      FCI ALLENWOOD MEDIUM
      FEDERAL CORRECTIONAL INSTITUTION
      P.O. BOX 2000
      WHITE DEER, PA 17887